IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES ALEXANDER/RYAHIM,
ADC #111057                                                                                    PLAINTIFF

v.                                         4:07CV01063JLH/HLJ

BERWIN MONROE, et al.                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.    Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

1

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, a state inmate currently confined at the Varner Super Max Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging a civil chain conspiracy which resulted in his incarceration for a crime he allegedly did not commit. Plaintiff asks for habeas corpus relief, monetary damages, and injunctive relief.

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(b)(1), (2).

A complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief.  See  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Furthermore, pro se complaints must be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and each allegation must be accepted as true.  See Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983.  Grady v. Wilken, 735 F.2d 303, 305 (8th Cir. 1984).  A well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

The Court finds that plaintiff's allegations in this case are barred by res judicata.  In Ryahim v. Langston, et al. (Ryahim I), 4:06cv00845SWW, plaintiff complained about the same incidents at issue in this case, and named all but four of the same defendants (there are forty named defendants in this case, including prosecutors, judges, employees of the state crime lab, police officials, and jury members).  By Order dated September 5, 2006, plaintiff's complaint was dismissed without prejudice for failure to state a claim, for the following reasons: 1) plaintiff challenged the fact of his incarceration, rendering his sole federal remedy as a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; and 2) plaintiff's claim for  monetary relief fell within Heck v. Humphrey, 512 U.S. 477 (1994), requiring a dismissal absent an allegation that plaintiff successfully challenged his claim through appropriate state or federal procedures.   The Court further noted that plaintiff's dismissal should be counted as a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).

In the present case, plaintiff repeats the same allegations against the same defendants as in Ryahim I.  Under res judicata, "a final judgment on the merits bars further claims by parties or their

privies based on the same cause of action."  United States v. Gurley, 43 F.3d 1188, 1195 (8th Cir. 1994).  The Court further stated, the "prior judgment is binding ... not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose....[and] whether the present action is the same cause of action as the prior action depends on whether it 'arises out of the same nucleus of operative facts as the prior claim.'" Id., quoting Lane v. Peterson, 899 F.2d 737, 741 (8th Cir. 1990).

Therefore, since the present case is nearly identical in every respect as the prior case, and focuses on the same underlying facts, the Court finds that this case should be dismissed as barred by res judicata, that it should be considered a "strike" within the meaning of the PLRA, and that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).  Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants be DISMISSED.[1]

IT IS SO ORDERED this 21st day of December, 2007.


_Henry L. Jones, Jr._
United States Magistrate Judge

---

[1] This dismissal is considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C § 1915(g), which provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.