# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CHARLES ALEXANDER/RYAHIM,                                                                PLAINTIFF
ADC #111057

v.                                        NO. 4:07CV01063 JLH/HLJ

BERWIN MONROE, et al.                                                                   DEFENDANTS

## ORDER

The Court has received proposed findings and recommendations from United States Magistrate Judge Henry L. Jones, Jr., recommending that this case be dismissed based on the doctrine of res judicata because the plaintiff previously presented his claims in *Ryahim v. Langston, et al.* (Ryahim I), 4:06CV00845 SWW, and in that case the Court dismissed the plaintiff's complaint without prejudice for failure to state a claim because: 1) plaintiff challenged the fact of his incarceration, which meant that his sole federal remedy was a writ of habeas corpus pursuant to 28 U.S.C. § 2254; and 2) plaintiff's claim for monetary damages was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Case No. 4:06CV00845 SWW, Document #11. Plaintiff has filed a timely objection the essence of which is that because the prior dismissal was without prejudice no res judicata bar was created by it.

In *Pohlmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999), the court stated, "An *issue* actually decided in a non-merits dismissal is given preclusive effect in a subsequent action between the same parties (in the older terminology, the first adjudication creates a collateral estoppel)." Here, whether plaintiff could pursue his claims in a § 1983 action was actually decided in Case No. 4:06CV00845 SWW, even though the dismissal was without prejudice. The Court held in that case that plaintiff could not pursue the present claims in a § 1983 action unless his conviction or sentence

was reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. Absent any allegation that he had done so, his § 1983 claim for damages was held not to be cognizable. His action was dismissed without prejudice to refiling at such time as a successful challenge has occurred. Because the issue presently before the Court was actually decided in Case No. 4:06CV00845 SWW even though the dismissal was without prejudice, the doctrine of res judicata does apply. Therefore, the proposed findings and recommendation of Judge Jones is adopted over plaintiff's objections.

Apart from the doctrine of res judicata, on the merits the reasoning of the Court in Case No. 4:06CV00845 SWW is correct and is adopted as applicable to the present case.

The difference between this case and Case No. 4:06CV00845 SWW is that plaintiff has filed a petition for writ of habeas corpus, and his petition has been dismissed because it is barred by the statute of limitations. There appears to be no possibility that plaintiff could file a successful petition for writ of habeas corpus. Therefore, this case will be dismissed with prejudice.

IT IS SO ORDERED this 11th day of January, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE